```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

LARRY ANDERSON,                     *

      Plaintiff              *

vs.                                 *
                                          CASE NO. 3:06-CV-31 (CDL)
ABB INC., individually and          *
d/b/a or f/d/b/a ABB POWER
T & D COMPANY, INC., any other      *
corporate entities into which
named defendants may have           *
merged, and RICK SEYBERT,
                                    *
      Defendants
                                    *

## O R D E R

In this lawsuit, Plaintiff contends that Defendants' termination of his employment on April 29, 2003 was in retaliation for Plaintiff's exercise of his protected rights under the Family and Medical Leave Act of 1993 ("FMLA"). 29 U.S.C. § 2601 *et seq.* Defendant seeks summary judgment contending, among other things, that Plaintiff was not an eligible employee under the FMLA at the time that he sought to exercise his FMLA rights for which he was allegedly terminated. For the following reasons, Defendants' Motion for Summary Judgment (Doc. 29) is granted.

Plaintiff contends that Defendants terminated him because he sought leave under the FMLA in April 2003. It is undisputed that at the time he sought leave, he had worked less than 1250 hours during the preceding twelve month period. Therefore, as of that time, he was not eligible for FMLA benefits. 29 U.S.C. § 2611(2)(A); *see also*

*Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 796 (11th Cir. 2000) (quotation marks and citation omitted). Since an FMLA retaliation claim cannot be maintained against an employer when the employee was not eligible for FMLA benefits, Defendants are entitled to summary judgment.[1] *See generally Walker v. Elmore County Bd. of Educ.,* 379 F.3d 1249 (11th Cir. 2004). Accordingly, Defendants' Motion for Summary Judgment (Doc. 29) is granted.

    IT IS SO ORDERED, this 15th day of May, 2007.

                                            S/Clay D. Land
                                               CLAY D. LAND
                                   UNITED STATES DISTRICT JUDGE

---

[1] In an effort to escape summary judgment, Plaintiff suggests that Defendants' previous responses to his requests for FMLA leave when he was an eligible employee in 1998, 1999, 2001 and 2002 can somehow be bootstrapped with his April 2003 request to overcome summary judgment. It is clear that those earlier requests for leave were distinct separate events. Furthermore, no evidence has been produced from which a reasonable fact finder could conclude that there is any causal connection between those earlier requests and Plaintiff's termination in April 2003. Accordingly, the Court rejects Plaintiff's suggestion that those prior requests for leave save him from summary judgment.